868

48 NEW YORK SUPPLEMENT (Sup. Ct.
and 82 New York State Reporter.

their official terms. In case of a close presidential election, the evil and disorder that would ensue from such a state of affairs it is difficult to estimate, and scarcely to exaggerate. The power and duty to hold some ballots good by reason of the shape of one mark, or bad on account of the shape of another, or because the marks are made in one place rather than another, involve the nicest and the most delicate exercise of discrimination and judgment, as to the proper use of which men will constantly disagree. How far a particular line must go across another line to constitute the statutory cross, and what irregularity of marking constitutes a ballot marked for identification, it is simply impossible to define by a general rule, and such questions will always be open to dispute. The great safety and security of the election system that so long prevailed in our state rested upon the rule, never relaxed, that the district canvassers must canvass every vote in the box, and that the county canvassers must simply do sums in arithmetic. Fraud may be, and in the past undoubtedly has been, perpetrated in counting the vote in the ballot box of the election district, but these acts have been of comparatively rare occurrence. But men who would hesitate at making a deliberately false count might not be restrained from deciding a marked ballot to be good or bad, as it helped or hurt the party to which they belonged, safe from the reproach of deliberate wrongdoing, and especially safe from the terrors of the prison. The evil of a corrupt exercise of the elective franchise is great, but government is a practical thing, and it is always well to see that in preventing one evil a greater evil than that sought to be guarded against has not been created. We fear that the latter, to some extent, is the effect of the present system; and we venture to suggest that the system should be so modified as to make it more simple, and so that no power be given to the local canvassers to declare that any ballot actually cast is void.

---

REISER v. NEW YORK & H. R. CO.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

INJURY TO EMPLOYE—CONTRIBUTORY NEGLIGENCE.

Plaintiff was a conductor on one of the horse cars of the defendant, and was entirely familiar with the interior arrangements of its car depot, including the existence there of a line of posts, some of which, located not far from a broad entrance through which considerable light entered from the street, stood within a foot and a half of the tracks within the building. After plaintiff's car had started to leave the building, he sprang upon the front platform, just before it was about to pass one of these posts, between which and the car he was squeezed and injured. *Held,* that he was guilty of contributory negligence.

Appeal from trial term.

Action by Henry E. Reiser against the New York & Harlem Railroad Company. From a judgment directed for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Joseph Kling, for appellant.
Payson Merrill, for respondent.

RUMSEY, J. The defendant, among other enterprises, ran a line of horse cars on Madison avenue, in the city of New York, and the plaintiff was a conductor of one of those cars. He went into the service of that company in April, 1894, and remained there until the latter part of February, 1895, when he received the injury of which he complains. The defendant's depot in which its horse cars are stored is on the west side of Madison avenue, between Eighty-Fifth and Eighty-Sixth streets. There are four separate entrances to it, in each of which is laid a track. These entrances are broad, and admit considerable light into the building. About 20 feet from the entrances is a line of posts, running parallel to the front wall of the building. These posts stand between the tracks, some of them being 3 feet from the tracks nearest to them, and one of them being as close as $1\frac{1}{2}$ feet to the track. The plaintiff was thoroughly familiar with the building, and knew the location of the posts and their proximity to the tracks. On the day in question he was called upon to go out with a car, which he approached as it was moving slowly towards the entrance. Just before the front platform of the car was about to pass one of the posts, the plaintiff sprang upon the front platform, and, although the car was going quite slowly, he did not succeed in entering it until it had reached the post, between which and the car he was squeezed, and seriously injured. To recover the damages which he thus sustained, he brought this action. Upon the trial he was nonsuited. Judgment was entered against him, and from that judgment he appeals.

It is not necessary to discuss the case at any length. The plaintiff was thoroughly acquainted with the interior of the building. He knew where the posts were. Although he perhaps did not know just how close this post was to the track, there was no difficulty in his seeing that it was so close to the track that, if he entered the car in front of it, he would be likely to be squeezed, and no excuse is shown for his attempt to board the car at that place, and at that time. He was clearly guilty of contributory negligence. Gibson v. Railway Co., 63 N. Y. 449; Moylan v. Railroad Co., 128 N. Y. 583, 27 N. E. 977. Within these cases. the nonsuit was right, and the judgment should be affirmed, with costs. All concur.